**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5262**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

GABRIEL G. REYES,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:08-cr-00098-LHT-1)

Submitted:  July 9, 2009              Decided:  August 12, 2009

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James W. Kilbourne, Jr., DUNGAN LAW FIRM, P.A., Asheville, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gabriel G. Reyes appeals his conviction for damaging forest products without a permit, in violation of 36 C.F.R. § 261.6(a) (2008). Reyes was convicted in a bench trial before a magistrate judge, and appealed to the district court. 18 U.S.C. §§ 3401(a), 3402 (2006). The district court affirmed Reyes' conviction and sentence. Reyes now appeals to this Court, challenging the constitutionality of the regulation and the sufficiency of the evidence supporting his conviction. For the following reasons, we affirm.

Reyes alleges that 36 C.F.R. § 261.6(a) is unconstitutionally vague on its face. Claims of statutory vagueness that do not implicate the First Amendment "must be examined in the light of the facts of the case at hand." United States v. Sun, 278 F.3d 302, 309 (4th Cir. 2002) (quoting United States v. Mazurie, 419 U.S. 544, 550 (1975)). Because no First Amendment freedom is affected, our review is limited to whether Reyes himself had fair notice that the statute proscribed his conduct. See United States v. Hsu, 364 F.3d 192, 196 (4th Cir. 2004). Based on the record, we find that Reyes had fair notice that the statute prohibited his conduct. Therefore, we hold that the language of 36 C.F.R. § 261.6(a) was not unconstitutionally vague as applied to Reyes.

Reyes also challenges the sufficiency of evidence supporting his conviction. A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007), cert. denied, 128 S. Ct. 1690 (2008). Our reversal of a conviction on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). A verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the Government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to establish a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Here, we find sufficient evidence in the record to support the challenged conviction.

We therefore affirm Reyes's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3